IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE, AT KNOXVILLE

| MANOJ BATCHU, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | Docket No: |
| | § | |
| v. | § | JURY DEMAND |
| | § | |
| OBER GATLINBURG, INC., | § | |
| | § | |
| and | § | |
| | § | |
| AQUATIC DEVELOPMENT GROUP, INC., d/b/a/ADG MOUNTAIN COASTERS, | § | |
| | § | |
| Defendants. | § | |

## COMPLAINT

Comes the Plaintiff, by and through counsel, and for cause of action against the Defendants would show:

1. Plaintiff Manoj Batchu ("Plaintiff") is a foreign national and resident of Ohio.

2. Defendant Ober Gatlinburg, Inc. is a Tennessee corporation whose principal office is located at Suite 2, 1001 Parkway, Gatlinburg, TN 37738. This Defendant may be served with process through its registered agent for service of process: Bruce Anders, 1001 Parkway, Gatlinburg, TN 37738-3138.

3. Defendant Aquatic Development Group, Inc. d/b/a Ski ADG Mountain Coaster ("ADG Mountain Coaster") is a New York corporation whose principal office is located at 13 Green Mountain Dr., Cohoes, NY 12047. This Defendant may be served pursuant to Tennessee's long arm statute, Tenn. Code. Ann. § 20-2-214, through the

1

Tennessee Secretary of State, Division of Business Services, Summons Section, 312 Eighth Avenue North, 6th Floor, William R. Snodgrass Tower, Nashville, TN 37243.

4. Defendant Ober Gatlinburg, which operates a ski resort, ice rink and other affiliated entertainment and amusement park type rides owns, operates, maintains and has exclusive control of a roller coaster called the Ski Mountain Coaster on its property in Gatlinburg, Tennessee.

5. On November 26, 2015, Plaintiff was an invitee of Defendant Ober Gatlinburg and Defendant Ober Gatlinburg charged him money and thereafter allowed him to ride the Ski Mountain Coaster during which ride he was severely injured as a result of the acts of negligence by these Defendants complained of herein.

6. Upon information and belief, Defendant Ober Gatlinburg owns the property on which the Ski Mountain Coaster is situated, located at 1339 Ski Mountain Road, Gatlinburg, TN 37738.

7. The Plaintiff is completely diverse from the Defendants in that he is a resident of Ohio and the Defendants are citizens and residents of Tennessee and New York respectively.

8. The amount in controversy exceeds $75,000.

9. Based on the foregoing, this Court has jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(2).

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1).

11. On November 26, 2015, the Plaintiff, together with several of his friends, traveled to Ober Gatlinburg as part of a planned vacation to the Gatlinburg area.

12. The weather on the day in question was overcast but no rain or snow.

13. Plaintiff and his friends decided to ride on the Ski Mountain Coaster, a metal roller coaster that has individual ADG Mountain Coaster Carts that hold up to 2 people, lasts 5½ minutes and covers approximately 3,750 feet from start to finish and travels at a speed of, at least, 25-30 miles per hour. Prior to November 26, 2015, Plaintiff had never before ridden on or heard of the Ski Mountain Coaster.

14. Plaintiff met all the requirements of the Ski Mountain Coaster and abided by all of the safety restrictions for the ride including, but not limited to, buckling and keeping the lap seat belt secure until the ride stops.

15. Prior to the ride beginning, a short instructional was given and Plaintiff understood that the individual carts and brake levers on them that allowed a rider such as Plaintiff to control his own speed and to stop in the event of an emergency such as a stopped cart in front of him.

16. When Plaintiff's ride began, Plaintiff could see an ADG Mountain Coaster Cart, in which one of his friends was riding, in front of him approximately 50 meters.

17. When Plaintiff's cart came around the final curve, Plaintiff could see the cart in front of him slowing down.

18. Plaintiff saw that he was approaching the cart in front of him very quickly and began to apply the brakes to his own cart but the brakes failed.

19. Plaintiff kept trying to apply the brakes to no avail ultimately colliding with the cart in front of him.

20. Upon information and belief, the cart in which Plaintiff was riding is designed/manufactured to automatically slow down and/or stop as it approaches the station/terminal" where riders exit the ride or as it approaches another cart in front of it which is slowed or stopped.

21. The cart in which Plaintiff was riding also has a manual braking system which a rider can utilize to slow or stop the cart.

22. Neither the automatic nor manual braking systems worked to stop the cart in which Plaintiff was riding.

23. In addition to the brakes failing, Plaintiff's cart's safety restraint system was simply a lap belt. The cart did not have a shoulder harness or other harness to secure Plaintiff's upper torso in the event of a collision. Thereafter, at the point of the collision, Plaintiff was only restrained by the lap belt. Upon information and belief, had a proper safety restraint system been utilized, including, but not limited to, one that had a shoulder harness, Plaintiff would not have been injured or his injuries would not have been as severe.

24. After the collision, ride operators eventually got Plaintiff's cart to the "station/terminal", unfastened his seat/lap belt, allowing him to exit the cart. At that time, Plaintiff immediately fell onto the platform screaming in pain.

25. Upon information and belief, Defendant's staff came to the Plaintiff's aid but stated there was nothing they could do because there were no "visible" injuries. However, they did call for an ambulance.

26. Plaintiff was taken via ambulance to the local hospital after suffering substantial injuries as a result and was thereafter transferred to the University of Tennessee Trauma Center for immediate surgery for a posterior splenic laceration and perforated bowel.

27. Plaintiff initially spent forty-five (45) days in the hospital due to his injuries suffered as a result of the failed brakes of his ADG Mountain Coaster Cart.

28. All of Plaintiff's injuries were caused by the failure of the braking systems of the cart in which he was riding or based on the insufficient safety restraint system or a combination of both.

29. In the alternative, if the cart's personal braking system was operating properly, then Defendants failed to instruct Plaintiff how to properly utilize the same.

30. Defendants owed the Plaintiff a duty of care to provide safety measures, such as working brake mechanisms on the ADG Mountain Coaster Carts. In failing to provide such safety measures, Defendants failed to exercise due care and breached the duties owed this Plaintiff.

31. In addition, and in the alternative, Defendants owed Plaintiff a duty of care to instruct him in the proper utilization of the cart's own braking system which they breached by failing to so properly instruct him.

32. Defendants owed the Plaintiff a duty of care to ensure that the brakes on the ADG Mountain Coaster Carts are in working order by regularly testing and inspecting them. Upon information and belief, the Defendants breached this duty and

did not properly inspect, test and repair the braking systems. But for the Defendants' failure to have the brakes inspected properly, Plaintiff would not have been injured.

33. Upon information and belief, Defendant Ober Gatlinburg had sufficient input into the design and installation of the Ski Mountain Coaster so as to render it liable to Plaintiff under Tennessee's Product Liability Statutes.

34. Upon information and belief, Defendant ADG Mountain Coaster is the manufacturer who designed and manufactured the Ski Mountain Coaster.

35. The lack of a proper braking mechanism on the ADG Mountain Coaster Cart constituted a defective or dangerous condition about the land of Defendant Ober Gatlinburg which the Defendant Ober Gatlinburg created and about which it had actual or constructive knowledge. Defendant Ober Gatlinburg's failure to abate this dangerous condition, or sufficiently warn regarding same, renders it liable to Plaintiff in premises liability.

36. In operating a roller coaster, Defendant Ober Gatlinburg owed its invitees/guests such as Plaintiff a heightened duty of care that a common carrier owes. In failing to have properly operating braking systems, Defendant breached this heightened duty.

37. These Defendants are also liable to Plaintiff based on all theories of liability contained in the Tennessee Product Liability Statutes. The Ski Mountain Coaster and the cart in question were negligently designed in (1) not having sufficient safety systems to prevent a collision between and uphill and downhill cart, and (2) not

6

Case 3:16-cv-00630-PLR-HBG   Document 1   Filed 10/26/16   Page 6 of 9   PageID #: 6

having sufficient safety restraint systems to prevent an injury of the type sustained by Plaintiff in the event of a collision.

38. The injuries sustained by Plaintiff were foreseeable as a result of the defective braking system and improper safety restraint system.

39. Defendants have also breached warranties both express and/or implied as well as the merchantability and fitness for a particular purpose all of same leading to the traumatic injuries suffered by Plaintiff.

40. But for the defective braking mechanism and improper safety restraint system, Plaintiff's serious and traumatic injury would not have occurred.

41. The Defendants are also strictly liable in tort as a result of the defective and/or unreasonably dangerous product same being the Ski Mountain Coaster and the ADG Mountain Coaster and said coaster and coaster cart being in defective condition or unreasonably dangerous at the time it left the control of the manufacturer.

42. Defendants are liable to the Plaintiff in strict liability for placing the unreasonably and inherently dangerous coaster cart into the stream of commerce.

43. Plaintiff's injuries and resulting damages were foreseeable as a result of the non-working braking mechanism and improper safety restraint system that did not allow the Plaintiff the ability to stop before colliding with the cart in front of him and upon collision, caused or contributed to the severity of the injuries he suffered.

44. In the normal course of operation, a roller coaster's automatic and unit contained braking systems do not fail in the absence of negligence. In this instance the

brakes failed. Therefore, Defendants are also liable to Plaintiff based on the common law doctrine of *Res Ipsa Loquitor*.

45. Finally, Defendants failed to warn Plaintiff that the ride he was about to take could result in the failure of the cart to brake properly and injure him in the manner he was injured. Defendants are also liable to Plaintiff for failure to warn.

46. Plaintiff avers that each and every of the aforementioned negligent acts of Defendants constitutes the proximate and legal cause of his damages.

47. Plaintiff has suffered serious and debilitating injuries as a direct result of the failure of the braking mechanism and the improper safety restraint device. As a result of these injuries, Plaintiff has sought medical treatment and care and has incurred substantial medical expenses as a result. Plaintiff has also suffered a loss of income. He has also suffered, and will continue to suffer in the future, pain and suffering, mental and emotional anguish, loss of enjoyment of life, disfigurement and permanent impairments and disabilities.

48. Tennessee's cap on non-economic damages is unconstitutional under both the United States Constitution and the Tennessee Constitution.

49. Plaintiffs demand a jury to try this cause.

**WHEREFORE**, Plaintiff Manoj Batchu sues the Defendants for the sum of One Million Three Hundred Seventy-Five Thousand 00/100 ($1,375,000.00) Dollars. Plaintiffs also pray they be awarded court costs and discretionary costs.

Respectfully submitted this **26th** day of **October, 2016**.

>**/s/ Darren V. Berg, Esq.**
>**Darren V. Berg, BPR #023505**
>Butler, Vines & Babb, PLLC
>2701 Kingston Pike
>P.O. Box 2649
>Knoxville, TN 37901-2649
>865) 637-3531 (phone)
>865/637-3385 (fax)
>dberg@bvblaw.com